**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BERT & MARY BOE** | **CIVIL ACTION** |
| **VERSUS** | **NO:   09-780** |
| **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** | **SECTION: "C" (1)** |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction.  The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing.  Rec. Doc. 3.  Both parties argued that the jurisdictional minimum was satisfied.  However, having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowners originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Adams, et al. v. State Farm Fire and Casualty Insurance Co.*, Civil Action No. 07-4459, to recover payment under their insurance policy with State Farm Fire and Casualty Insurance Company ("State Farm").  Rec. Doc. 1 at 2.  The case was consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007).  Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file an individual

---

[1]Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

amended complaint asserting claims as to their respective property. The homeowners then filed

an individualized amended complaint against State Farm. Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, homeowners Bert and Mary Boe

claim they were insured under a State Farm homeowners' insurance policy which provided

coverage to their home located at 4315 Genoa Road, New Orleans, Louisiana[2]. Rec. Doc. 16 at

1. They stated their insurance contract was an "all risk" policy with limits "unknown" for

structure, "unknown" for contents, and "unknown" for additional living expenses. Rec. Doc. 8

at 1. Neither the plaintiffs nor the defendant provided a copy of the insurance policy. The

homeowners alleged that Hurricane Katrina caused damage to their property, including roof

damage, damage to the interior, and to the contents of their home. Rec. Doc. 1 at 2. The

homeowners further allege that the damage rendered their real property uninhabitable for an

extended period of time and that wind was the efficient proximate cause of all the damage. Rec.

Doc. 1 at 2.

The defendant claims it has paid $34,244.05 less the deductible. Rec. Doc. 16 at 5. That

number includes $29,799.85 (less the deductible of $4,292.20) for structure, $1,003.20 for

contents and $3,441.00 for additional living expenses[3]. Rec. Doc. 16 at 5. Defendant further

claims that it has not received a copy of any damage estimates from the plaintiffs. Rec. Doc. 16

at 5-6. The plaintiffs also claim statutory penalties, interest, and attorney fees under La. R.S.

22:658 and La. R.S. 22:1220. Rec. Doc. 1 at 3. State Farm alleges that it properly adjusted and

timely paid the plaintiffs' claim. Rec. Doc. 16 at 1. Both the homeowners and State Farm allege

---

[2]The plaintiffs cited their address as 4315 Genor St., New Orleans, Louisiana 70128 in their First Amended Complaint. Rec. Doc. 1 at 1.

[3]Plaintiffs, the parties invoking jurisdiction, stated amount paid to date is "unknown." Rec. Doc. 8 at 1.

that this Court has subject matter jurisdiction on the basis of diversity jurisdiction.

## II. LAW AND ANALYSIS

Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal- Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938), citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983), *cert. denied*, 459 U.S. 1107 (1983). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971).

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." 28 U.S.C. §1332. Plaintiffs are citizens of and domiciled in the State of Louisiana. Rec. Doc. 1 at 1. State Farm is domiciled in a State other than Louisiana. Rec. Doc. 16 at 3. The domicile of neither the plaintiffs nor the defendant is disputed. Therefore, the parties are completely diverse for the purposes of diversity jurisdiction.

The issue in this case is whether there is, in fact, $75,000 in controversy. The majority of

Fifth Circuit cases concerning amounts in controversy deal with cases that were removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court has original jurisdiction. One such example is the case of *St. Paul Reinsurance Co. Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), which dealt with an action for declaratory judgment.

In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), *see also McNutt v. General Motors Corp.*, 298 U.S. 178 (1936). In this case, therefore, that burden falls on the plaintiffs.

In their memo addressing subject matter jurisdiction, plaintiffs alleged their policy limits for structure, contents and additional living expenses were all "unknown". Rec. Doc. 8 at 1. They pointed to their own estimate of damages–$60,209 for structure, and $25,000 for contents,

(a total of $85,209.00)–for which they did not provide any affirmative proof.  Rec. Doc. 8 at 1.

Plaintiffs also stated that "defendant has only paid unknown."  Rec. Doc. 8 at 1.  Without

knowing how much the defendant has already paid the plaintiffs, it would be impossible to

determine how much remains to be paid and therefore, how much is still in controversy between

the parties.  In addition to the damages to their property, the plaintiffs alleged in their original

complaint that they also have a claim for statutory penalties, interest, and attorney fees and that

State Farm's actions were "arbitrary and capricious."  Rec. Doc. 1 at 3.  The plaintiffs did not,

however, provide any evidence demonstrating the "arbitrary and capricious" nature of the

defendants' actions.  Notably, a copy of the prerequisite proof of loss was not provided as

ordered.

The plaintiffs allege that this Court does have subject matter jurisdiction over this matter

because the plaintiffs had the benefit of the Louisiana Fourth Circuit Court of Appeals decision

in *Sher v. Lafayette Insurance Co.*, 973 So.2d 39 (La. App. 4 Circ. 2007), at the time of the

initial filing of this lawsuit, which is the time at which the jurisdictional amount is to be

determined.[4]  In that case, the court allowed flood damage to be claimed under insurance policies

that were written ambiguously.  *Id.*  Even if plaintiffs may claim flood damages to satisfy the

amount in controversy, they have not provided this Court with any proof demonstrating that their

estimate should control because they have provided no documentation of the damages they claim

their property sustained.

Defendant also claims that the jurisdictional minimum has been met.  Rec. Doc. 16.

---

[4]*Sher v. Lafayette Insurance Co.* has since been reversed in part.  *Sher v. Lafayette Insurance Co.*, 988 So.2d 186, 2007-2441 (La. 4/8/08).  On appeal, the Louisiana Supreme Court further defined the word "flood" and held that "water that flowed through levees broken by Hurricane Katrina was 'flood' within the meaning of flood exclusion."  *Id.* They also held that the "statutory amendment increasing penalties... could not be applied retroactively."  *Id.*

Defendant pointed to the policy limits of $120,687.00 for dwelling and $90,515.00 for contents (a total of $211,202.00). Rec. Doc. 16 at 5. The defendant did not provide the Court with a statement of loss showing an estimate of damages to plaintiffs' property, however in their memorandum, the defendant states that they have paid a total of $34,244.05. Rec. Doc. 16 at 5. That amount included $29,799.85 less the $4,292.00 deductible for the structure, $1,003.20 for contents, and $3,441.00 for living expenses. Rec. Doc. 16 at 5. The defendant also claims that plaintiffs alleged damages in the amount of $60,209.00 for structure and $25,000.00 for contents (a total of $85,209.00). Rec. Doc. 16 at 5. The defendant further alleges that they have yet to receive a copy of the plaintiffs' estimate of damages. Rec. Doc. 16 at 5-6. The defendants have concluded that the amount in controversy is "clearly in excess of $75,000." Rec. Doc. 16 at 6.

For the court to determine the amount in controversy, the relevant inquiry is the damage to the property at the time the initial complaint is filed, not the insurance policy limits or the value of the property. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002). Accordingly, in this case the plaintiffs' damage estimate, and not the policy limits, controls. Parties would have needed to provide evidence implicating the limits of the policy, damage assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La. 2008). The defendant has apparently paid a total of $34,244.05. Rec. Doc. 16 at 5. If the plaintiffs' estimate of $85,209.00 in damages is correct and the defendant has paid the plaintiffs $34,244.05 then a total of $50,964.95 is left to be paid to the plaintiffs, less than the required $75,000.

State Farm also asserted that the plaintiff may be entitled to potential statutory damages, penalties, and attorneys fees under La. R.S. 22:658 and La. R.S. 22:1220, which defendant

argues should be included in the amount in controversy calculation. Rec. Doc. 16 at 6. Simply stating that a party may be entitled to penalties is not enough. The parties must present actual facts indicating the propriety of such penalties and that indicate why the party is actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D. La. March 18, 2007). The statutes cited by both parties, La. R.S. 22:658 and La. R.S. 22:1220 spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. They also require findings of fact. La. R.S. 22:658 and La. R.S. 22:1220. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co.*, the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. *Id.* The plaintiffs may be entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. The plaintiffs have not provided evidence demonstrating the "arbitrary and capricious" nature of the defendant's acts. In fact, again, no copy of the prerequisite proof of loss has been provided.

Neither party has demonstrated that the amount in controversy exceeds the required minimum of $75,000, therefore, this Court does not have subject matter jurisdiction over this action.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby DISMISSED for lack of subject

matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana, this 15th day of June, 2009.


_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**